[Not for Publication]                                                                                  [48]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| EDWARD BIZZARRO, RICHARD, WRIGHT, and APRIL WEDDING, Individually and on Behalf of a Class of Others Similarly Situated, | : : : : : : | |
| Plaintiffs, | : : | Civil Action No. 07-5665 (FLW) |
| v. | : : | **OPINION** |
| OCEAN COUNTY, et al., | : : | |
| Defendants. | : : | |

**WOLFSON, United States District Judge:**

Presently before the Court is a motion by defendants Ocean County, Theodore J. Hutler, Jr. and Sandra Mueller (collectively, "Defendants") to stay the proceedings in this matter (the "Motion to Stay") pending a decision from the Third Circuit in the unrelated matter of Florence v. Board of Chosen Freeholders of the County of Burlington, et al., Civ. Action No. 05-3619, which Defendants contend will ultimately determine the law of this case. For the following reasons, the Court will grant the Motion to Stay.

## I.  BACKGROUND

Plaintiffs April Wedding, Richard Wright, and Edward Bizzarro (collectively "Plaintiffs") initiated this action seeking redress for allegedly being subjected to unlawful strip searches as pretrial detainees charged with non-indictable offenses while in the custody of the Ocean County Correctional Facility. By Order dated June 9, 2009, this Court certified the Class, pursuant to

Fed. R. Civ. P. 23(b)(3), as:

> All persons who had been placed into the custody of the Ocean
> County Jail after being charged with non-indictable offenses such
> as disorderly persons offenses, traffic infractions, and/or civil
> commitments and were strip searched upon their entry into the
> Ocean County Jail.  The class period commences on November 28,
> 2005 and extends to December 28, 2007.  Specifically excluded
> from the class are Defendants and any and all of their respective
> affiliates, legal representatives, heirs, successors, employees or
> assignees

In short, Plaintiffs allege that the members of the class, arrested for non-indictable offenses, such

as failure to pay child support and traffic fines, were illegally and unconstitutionally required to

undress for inspection in violation of their right to privacy under the United States and New

Jersey Constitutions.

Defendants now seek an order staying all proceedings in this class action pending a

decision from the Third Circuit in the matter of Florence v. Board of Chosen Freeholders of the

County of Burlington, et al., Civ. Action No. 05-3619 (hereinafter, the "Florence case").  Like

this case, the Florence case is a class action in which the plaintiffs allege that members of the

class[1], arrested for non-indictable offenses, were subjected to strip searches in violation of their

federal and State constitutional rights.  By Memorandum Opinion and Order dated June 30, 2009,

---

[1]      The class in the Florence case is certified as:

> All arrestees charged with non-indictable offenses who were processed, housed or held
> over at Defendant Burlington County Jail and/or Defendant Essex County Correctional
> Facility from March 3, 2003 to the present date who were directed by Defendants' officers
> to strip naked before those officers, no matter if the officers term that procedure a "visual
> observation" or otherwise, without the officers first articulating a reasonable belief that
> those arrestees were concealing contraband, drugs or weapons.

Florence v. Board of Chosen Freeholders of the County of Burlington, No. 05-3619, 2008 WL 800970 at
*17 (D.N.J. Mar. 20, 2008).

the district court in the Florence case certified the following question for interlocutory appeal to

the Third Circuit pursuant to 28 U.S.C. § 1292(b):

> Whether a blanket policy of strip searching all non-indictable arrestees
> admitted to a jail facility without first articulating reasonable suspicion
> violates the Fourth Amendment of the United States Constitution as applied
> to the States through the Fourteenth Amendment.

The Florence case was stayed by the district court pending resolution of the foregoing issue by

the Third Circuit.[2]

## II.    DISCUSSION

The parties do not dispute the test this Court must apply to Defendants' Motion to Stay.

Indeed, the legal principles that govern the court's discretion on whether to grant a stay pending

appeal "have been distilled into consideration of four factors: '(1) whether the stay applicant has

made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will

be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the

other parties interested in the proceeding; and (4) where the public interest lies.'"   Nken v.

Holder, 129 S.Ct. 1749, 1761, 173 L.Ed.2d 550 (2009).  The traditional stay factors involve

individualized judgments based on the circumstances of a particular case and, accordingly,

should not be rigidly applied.  In re S.A. Holding Co., No. 07-2295, 2007 WL 1598113, at * 1

---

[2]       The Court notes that Moore v. Atlantic County, et al., Civ. Action No. 07-5444, a case also involving the issue of whether arrestees charged with non-indictable offenses were strip searched in violation of their right to privacy under the United States and New Jersey Constitutions, was stayed (with the exception of a motion for partial summary judgment on the issue of consent) by the district court on October 20, 2009, pending the decision of the Third Circuit in the Florence case.  Additionally, the Florence case has been cited in a Petition for Writ of Certiorari to the United States Supreme Court filed on October 14, 2009, from a decision of the Tenth Circuit, seeking resolution of "the split which has occurred among the circuits regarding the standard required to perform a strip search of a pretrial detainee being booked into jail."  Brief for the Petitioner, Saulsberry v. Myers, 2009 WL 3341925, at *3 (No. 09-451).

(D.N.J. May 30, 2007) (citing Hilton v. Braunskill, 481 U.S. 770, 777, 107 S.Ct. 2113, 95

L.Ed.2d 724 (1987)).

Plaintiffs concede that the outcome of the appeal in the Florence case will affect the

federal constitutional claims in this matter, but nevertheless contend that a stay is not warranted

because this case, unlike the Florence case, involves State law claims that will proceed

irrespective of, and under different standards than, the federal Fourth Amendment claims in the

Florence case. (Opposition Br. at 1).  Plaintiffs argue that the Third Circuit's decision in the

Florence case will not resolve this litigation because the standards for searches under New Jersey

law are materially higher than under federal law.  Thus, Plaintiffs argue, Defendants are unable to

establish a likelihood of success on the merits or that they will be irreparably harmed in the

absence of a stay.  Plaintiffs argue that, at best, the decision in the Florence case will impact only

half of the claims in this case.  Plaintiffs further argue that both they and the public interest

generally will be harmed by having "the significant policy issues presented in this case delayed

for six months or more while the Third Circuit hears and deliberates Florence."  (Opposition Br.

at 4).

Defendants concede that analysis of the Motion to Stay under certain of the stay factors is

difficult in light of the fact that they are not seeking appeal of their own case.  Nevertheless,

Defendants contend "it is wise to stay the instant proceedings while the Third Circuit addresses

the legal issues in Florence" because that decision will have a binding effect on the future of this

case regardless of which party prevails.   This Court agrees.  Indeed, while the Motion to Stay

cannot be easily analyzed under the first two factors, the Court finds that the public interest factor

weighs heavily in favor of Defendants.  Nor does this Court find that the issuance of a stay will

substantially injure the Plaintiffs.  Significantly, the class period in this case closed on December

28, 2007, approximately one month after a privacy curtain was installed in Ocean County Jail.

This case is limited to a past practice and does not involve an on-going allegedly unconstitutional

policy and practice.  The Court acknowledges the Plaintiffs' contention that a determination by

the Third Circuit on the question certified in the Florence case will not "resolve" this litigation

given that Plaintiffs' State law claims under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 *et*

*seq.*, and the New Jersey State Constitution are pending as well.  However, the Court finds that

the public interest nevertheless weighs in favor of a stay of the litigation, including the State law

claims.  "It 'is well-settled that the decision of whether to grant or lift a stay is committed to the

sound discretion of the court.'"  In re S.A. Holding Co., supra, 2007 WL 1598113, at *1 (quoting

In re Blackwell, 162 B.R. 117, 119 (E.D.Pa. 1993)).  "[W]here one factor weighs particularly

strongly in favor of the movant, it may reduce the need for other factors to weigh as strongly in

favor of the movant."   In re S.A. Holding Co., supra, 2007 WL 1598113, at *1 (citing Baker v.

Adams County/Ohio Valley Sch. Bd., 310 F.3d 927, 928 (6th Cir. 2002)).  A decision on a motion

to stay proceedings "should reflect the individualized considerations relevant to the case at

hand."  In re Countrywide Home Loans, Inc., 387 B.R. 467, 471 (W.D.Pa. May 2, 2008) (citing

Republic of the Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991)).

Accordingly, after careful consideration, this Court finds that the factors weigh in favor of

Defendants and the Motion to Stay should be granted.

Additionally, the Court finds that in the interests of judicial economy and conservation of

the parties' resources, administrative termination of this case pending decision by the Third

Circuit Court of Appeals on the issue certified for appeal in the Florence case is appropriate.  The

parties shall have the right, however, to seek reinstatement of the case during the pendency of the Florence appeal should it become necessary to avoid irreparable harm or prejudice to their respective positions.

## III.    Conclusion

For the reasons stated herein, the Court grants the Motion to Stay and administratively terminates this case pending decision by the Third Circuit Court of Appeals on the issue certified for appeal in the Florence case.  An appropriate order will issue.


          /s/ Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge


Dated: November 16, 2009