<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

JOSE GARCIA et al.,                                    :

    Plaintiffs,                                        :        Civil Action No. 07-5665 (FLW)

    v.                                                         :

                                                                  :        **OPINION**

                                                                  :

OCEAN COUNTY, <u>et al.</u>,                        :

    Defendants.                                      :
_____

**<u>WOLFSON, United States District Judge:</u>**

    Presently before the Court is a motion by Plaintiffs April Wedding, Richard Wright, Edward Bizzarro and the Certified Class (collectively "Plaintiffs") to reopen this case which had been administratively terminated and Lift the Stay of Proceedings in the above-captioned matter.  The instant motion arises out of a class action initiated by Plaintiffs to seek redress after allegedly being subjected to unlawful strip searches as pretrial detainees charged with non-indictable offenses while in the custody of the Ocean County Correctional Facility ("Ocean County Jail"). In this motion, Plaintiffs argue that the stay entered by this Court pending the Third Circuit's decision in the unrelated matter of <u>Florence v. Board of Chosen Freeholders of the County of Burlington, et al.</u>, Civ. A. No. 05-3619, should be lifted because: (1) the Third Circuit's decision in <u>Florence</u> only addressed the constitutionality of strip searches and did not address the constitutionality of visual body cavity searches; and (2) Plaintiffs additionally set forth a claim

1

under the New Jersey Civil Rights Act.  For the reasons set forth below, Plaintiff's Motion is DENIED.[1]

I. BACKGROUND AND PROCEDURAL HISTORY

Because this matter has a significant procedural history, the Court will only recount facts relevant to the instant motion.  As discussed above, Plaintiffs initiated a class action alleging that after being arrested for non-indictable offenses, such as failure to pay child support and traffic fines, the members of the class were illegally and unconstitutionally required to undress for inspection by Defendants in violation of their right to privacy under the United States and New Jersey Constitutions.   Specifically and in relevant part, Plaintiffs allege that while being held in Ocean County Jail, they were subjected to the facility's strip search policy, including being forced to undergo "visual body cavity searches (visual inspection of the vaginal and rectal cavities)."  Third Amended Complaint ¶ 32.  By Order dated June 9, 2009, this Court certified the Class pursuant to Fed. R. Civ. P. 23(b)(3).

Thereafter, in November 2009, this Court granted a motion by Defendants to Stay the Proceedings pending the outcome of the Third Circuit's decision in Florence v. Board of Chosen Freeholders of the County of Burlington.  Like this case, the Florence case is a class action in which the plaintiffs allege that members of the class were arrested for non-indictable offenses and were subject to strip searches in violation of their federal and State constitutional rights. On September 21, 2010, the Third Circuit issued a decision in Florence upholding, as constitutional, blanket strip searches of non-indictable pretrial detainees. 621 F.3d 296 (3d Cir. 2010).  The

---

[1]The Court notes that it reaches the same conclusion in Takacs v. Middlesex County, et. al., Civ. No. 08-694, and that a separate opinion is being entered in that case.

Florence decision reversed the District Court and controverted decisions in seven sister Circuit Courts.

Following the Third Circuit's decision, on January 19, 2011, the plaintiff in Florence filed a Petition for A Writ of Certiorari with the United States Supreme Court ("Petition").  The Supreme Court granted the Petition on April 4, 2011.  Despite the Supreme Court's acceptance of the Petition, Plaintiffs ask this Court to lift the stay entered in this matter in 2009.

II. DISCUSSION

It is well-established that a District Court maintains "broad power to stay proceedings." Bechtel Corp., v. Local 215 Laborers' International Union of North America, 544 F.2d 1207, 1215 (3d Cir. 1976).  The Third Circuit has explained that " the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  Id. (quoting Landis v. North American Co., 299 U.S. 248, 254-55 (1936)). Moreover, "in the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." Bechtel, 544 F.2d at 1215.

As discussed above, in the instant matter, Plaintiffs argue that the Court should lift the stay entered in these proceedings.  Specifically, Plaintiffs contend that: (1) in Florence, the Third Circuit did not address the constitutionality of a blanket body-cavity search policy on pre-trail non-indictable detainees as is asserted in this matter; and (2) in addition to the federal claims,

3

Plaintiffs' Complaint here sets forth a statutory claim under the New Jersey Civil Rights Act which this Court should consider on the basis of this Court's Supplemental Jurisdiction. Pls' Reply Br. At 2-3. The Court does not agree. [2]

A review of the <u>Florence</u> Petition demonstrates that a stay in the above-captioned matter continues to be warranted and will remain in effect pending the Supreme Court's decision in <u>Florence</u>.

Initially, the Court notes that the facts set forth in the <u>Florence</u> Petition provide that while being held in Burlington County Jail, Mr. Florence was required "to strip naked for inspection by an officer. . . the officer directed Florence to open his mouth, lift his tongue, and lift his arms. The officer required Florence to turn around so that he could examine Florence's backside. The officer finally ordered Florence to turn back around and lift his genitals for inspection." Petition at 5. Similarly, after being transferred to Essex County Correctional Facility, Mr. Florence was strip searched pursuant to the policy of that facility and was required to "open [his] mouth, lift [his] genitals, and then turn around, squat and cough." <u>Id</u>. at 7.[3] Based on these facts, the <u>Florence</u> Petition specifically asks the Supreme Court to resolve the split amongst the Circuit Courts as to: "[w]hether the Fourth Amendment permits a jail to conduct a suspicionless strip

---

[2]In addition, Defendants incorrectly assert that the class definition governing this action only refers to strip searches and does not explicitly include body cavity searches. But the Court notes that Plaintiffs' Third Amended Complaint provides that "strip and visual cavity searches are collectively referred to as 'strip searches.'" Thus, the Court finds that Plaintiffs' pleadings refer to both strip searches and body cavity searches.

[3]As in <u>Florence</u>, the Complaint in this matter alleges that while being held in Ocean County Correctional Facility, Plaintiffs were subjected to the facility's strip search policy searches including "visual body cavity searches (visual inspection of the vaginal and rectal cavities)." Third Amended Complaint ¶ 32.

search of every individual arrested for any minor offense, whatever the circumstances." Id. at 13.[4]  Importantly, the Petition cites to the contradictory decisions arising in the Circuit Courts and demonstrates, based on the various courts' holdings, that some of the courts that have considered the issues have, in fact, ruled on the constitutionality of visual body cavity searches, as well as strip searches.  See Petition at 14 n.1 (citing to Weber v. Dell, 804 F.2d 796, 802 (2d Cir. 1986)("We hold that the Fourth Amendment precludes prison officials from performing strip/body cavity searches of arrestees charged with misdemeanors or other minor offenses...")(emphasis added); Petition at 16 n. 2 (citing to Powell v. Barrett, 541 F.3d 12989, 1307 (11th Cir. 2008)(en banc)("The Bell decision . . . [i]s inconsistent with the conclusion that the Fourth Amendment requries reasonable suspicion before an inmate entering or re-entering a detention facility may be subjected to a strip search that includes a body cavity inspection.")(emphasis added)).  Moreover, the Petition explains that the Florence "case which involves two different jails, which apply different policies and conducted somewhat different searches in distinct circumstances, makes this case particularly well-suited as an opportunity to thoroughly explore the Fourth Amendment's application to searches of non-indictable arrestees." Petition at 31(emphasis added).  Thus, the Court finds that the Florence Petition can be read as asking the Supreme Court to review the entirety of the issues concerning the constitutionality of

---

[4]Plaintiffs contend that Mr. Florence "abandoned" his visual body cavity search claims, Pls' Br. at 6; a review of the Third Circuit's opinion in Florence demonstrates that "Florence sought class certification only on his strip search claims; he did not seek certification on his claim that he was subjected to a visual body cavity search." 621 F.3d at 300 n.1.  The Court finds that although Mr. Florence may not have sought class certification on his visual body cavity search claims, the facts alleged in the Petition, discussed supra, make clear that Mr. Florence continues to argue that he was subject to both a strip search and a visual body cavity search in violation of his Fourth Amendment rights and that the Supreme Court may ultimately consider both types of searches.

strip searches on pretrial detainees charged with non-indictable offenses which may include the constitutionality of visual body cavity searches.

However, even if the Supreme Court considers only strip searches and not body cavity searches, this Court would reach the same conclusion on this motion. As pointed out in the Third Circuit's decision in Bechtel, a court "may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." 544 F.2d at 1215 (emphasis added). Here, there is no doubt that even if the Supreme Court limits its review and discussion to strip searches, the Court's analysis would substantively impact the claims asserted in this matter. To proceed piecemeal with claims in this case in light of the potential for the Supreme Court to resolve either all or some of the strip search issues would not be a good use of this Court's or the litigants' time and resources. As a result, this Court will exercise its discretion and will refrain from entering a debate that is currently pending before the Supreme Court.

Moreover, to the extent that Plaintiffs ask this Court to exercise its supplemental jurisdiction and rule on their claims under the New Jersey Civil Rights Act, the Court has already indicated that if no federal issues remain, it will not exercise supplemental jurisdiction to resolve purely state law issues. Thus, for the reasons set forth above, Plaintiffs' motion is DENIED.

III. CONCLUSION

For the foregoing reasons, Plaintiffs motion is DENIED and the case will remain administratively terminated pending a decision by the Supreme Court in Florence. An appropriate order will issue.

Dated: April 12, 2011                                       /s/ Freda L. Wolfson

                                                                           Freda L. Wolfson, U.S.D.J.