NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **EDWARD BIZZARRO,** *et al.*, | : | |
| | : | Civil Action No. 07-5665 (FLW) |
| Plaintiffs, | : | |
| | : | |
| v. | : | MEMORANDUM OPINION |
| | : | |
| **OCEAN COUNTY,** *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

This matter comes before the Court upon Plaintiffs Edward Bizzarro, Richard Wright and April Wedding, on behalf of themselves and all others similarly situated ("Plaintiffs"), motion to lift the stay and for leave to file a Fourth Amended Complaint [Docket Entry No. 74] to conform their complaint to the requirements of *Florence v. Board of Chosen Freeholders of Burlington County*, 132 S.Ct. 1510 (2012). Ocean County, Theodore J. Hutler, Jr. and Sandra Mueller ("Defendants") oppose Plaintiffs' Motion [Docket Entry No. 80]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiffs' motion. The Court considers Plaintiffs' motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiffs' motion is GRANTED.

### I.  BACKGROUND AND PROCEDURAL HISTORY

On November 11, 2007, Jose Garcia, Wesley K. Bell, Edward Bizzarro and Richard Wright filed a class action complaint against Ocean County, Warden Theodore J. Hutler, Jr. and Chief of Corrections Sandra Mueller alleging violations of their constitutional rights under 42 U.S.C. §1983. [Docket Entry No. 1]. On January 11, 2008, an Amended Complaint was filed, adding April Wedding as Plaintiff. [Docket Entry No. 6]. A stipulation and order of dismissal

was entered on June 5, 2008 dismissing Jose Garcia and Wesley Bell from the case. A Second Amended Complaint was filed on September 15, 2008, adding a claim for violation of the Plaintiffs' statutory rights under the New Jersey Civil Rights Act. [Docket Entry No. 29]. On October 18, 2009, Plaintiffs moved to certify the following class:

> All persons who were placed into the custody of the Ocean County Jail after being charged with non-indictable offenses such as disorderly persons offenses, traffic infractions, and/or civil commitments and were strip searched upon their entry into the Ocean County Jail. The class period commences on November 28, 2005 and extends to the date on which the County of Ocean is enjoined from, or otherwise ceases, enforcing its unconstitutional policy, practice and custom of conducting strip searches absent reasonable suspicion. Specifically excluded from the class are Defendants and any and all of their respective affiliates, legal representatives, heir, successors, employees or assignees.

*Id*. at 3.

On June 9, 2009, the Court granted Plaintiffs' Motion to Certify the above referenced Class, but modified the class period to extend through December 28, 2007 to reflect the date that an opaque curtain was installed in the OCJ's shower/changing room. *Id*. Plaintiffs then filed a Third Amended Complaint on June 29, 2009 to include the modified class period. [Docket Entry No. 44].

On November 16, 2009, the Court entered an order staying the proceedings until disposition of *Florence v. Board of Chosen Freeholders of Burlington County*. The United States Supreme Court rendered its decision in *Florence* on April 2, 2012. Plaintiffs filed this motion to amend on November 7, 2013.

**A. Florence Decision**

Plaintiffs are seeking to file a Fourth Amended Complaint in order to conform their complaint to the requirements of the recent Supreme Court decision in *Florence v. Board of Chosen Freeholders of Burlington County*, 132 S.Ct. 1510 (2012). In *Florence*, Petitioner was

2

arrested during a traffic stop after he failed to appear at a hearing to enforce a fine. He was initially detained in the Burlington County Detention Center and later in the Essex County Correctional Facility, but was released once it was determined that the fine had been paid. Petitioner was strip searched at both facilities. Petitioner filed suit under 42 U.S.C. §1983 against the government entities that ran the jails and other defendants, alleging Fourth and Fourteenth Amendment violations, and arguing that persons arrested for minor offenses cannot be subjected to invasive searches unless prison officials have reason to suspect concealment of weapons, drugs or other contraband. The Court granted summary judgment, ruling that strip-searching non-indictable offenders without reasonable suspicion violates the Fourth Amendment. The Third Circuit reversed and the United States Supreme Court affirmed the Third Circuit's decision. The Supreme Court held that "the search procedures at the county jails struck a reasonable balance between inmate privacy and the needs of the institutions, and thus the Fourth and Fourteenth Amendments do not require adoption of the framework and rules petitioner proposes." *Id*. at 1511.

In his concurrence, Justice Alito states, "The Court does not address whether it is always reasonable, without regard to the offense or the reason for detention, to strip search an arrestee before the arrestee's detention has been reviewed by a judicial officer. The lead opinion explicitly reserves judgment on that question. In light of that limitation, I join the opinion of the Court in full." *Id*. at 1525. Chief Justice Roberts also noted the importance of the possibility of an exception in his concurrence when he stated, "it is important for me that the Court does not foreclose the possibility of an exception to the rule it announces." *Id*. at 1523.

The Supreme Court further noted in the majority opinion that "the circumstances before the Court, however, do not present the opportunity to consider a narrow exception of the sort Justice

Alito describes, which might restrict whether an arrestee whose detention has not yet been reviewed by a magistrate or other judicial officer, and who can be held in available facilities removed from the general population, may be subjected to the types of searches at issue here." *Id*. at 1523.

### B. Plaintiffs' Argument

Plaintiffs argue that the motion to amend should be granted because they were each arrested and detained for minor matters and had not seen a judge prior to being strip-searched. Mr. Bizzarro and Mr. Right were arrested for failure to pay child support. *Pl.'s Mem. of Law in Supp. of Mot.* at 1. Ms. Wedding was arrested for failing to pay a parking ticket. *Id*. at 1-2. Upon being admitted into the Ocean County Jail ("OCJ"), Plaintiffs were taken into the OCJ's shower/changing room, instructed to completely undress and were then subjected to body cavity searches and/or visual searches. *Id*. at 2.

> Plaintiffs' Fourth Amended Complaint proposes the following new class definition:
>
> All persons who have been (1) detained at and/or placed into the custody of the Ocean County Jail or any facility under the authority of Ocean County (2) as a result of being arrested and/or charged with non-indictable offenses such as: civil enforcement offenses i.e., child support enforcement arrears, traffic offenses, petty disorderly offenses, misdemeanors, contempt proceedings, failure to pay financial fines, penalties and/or costs in like matters as set forth above, and/or failure to appear at any court proceedings on like matters above; (3) were strip searched upon their entry into detainment and/or custody at the Ocean County Jail or were strip searched prior to an appearance before a judge or judicial officer who had the authority to release the person as referred to above from detainment and/or custody and were strip searched as set forth above, or were strip searched and placed into general population; and (4) the strip search was conducted and/or performed according to Ocean County's blanket strip search policy, that is, without reasonable suspicion and/or probable cause based on objective and articulable facts that the aforesaid person or persons possessed controlled dangerous substances, weapons and/or contraband. The class period commences on November 28, 2005 and ends on December 28, 2007.

*Id*. at 7.

Plaintiffs note that pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, an

order granting class certification may be altered or amended prior to a final judgment. *Id*. at 5.

Plaintiffs note that the proposed amendment in this case is almost identical to class definitions accepted in three recent decisions. *Id*. at 8.

In *Haas v. Burlington County*, the Court stated:

> Although Florence left many questions unanswered, one thing is plain—that is, that a minimum of five justices…did not endorse a blanket rule that all persons may be strip-searched after they are arrested. In addition, except for Justice Thomas, the Supreme Court appears to be receptive to an exception to a blanket strip search policy that applies to all arrestees. Although the exception to the Florence holding has not been defined, at a minimum it appears to include a situation where a person was arrested for a "minor" offense, she/he has not been admitted to the general population, and there was no reasonable suspicion she/he was carrying contraband.

*Haas*, 2012 WL 5497941 at *3 (D.N.J. 2012)(Exhibit B to Pl.'s Mem. of Law in Supp. of Mot.).

In *Allen v. Union County*, the Court stated:

> The proposed amended complaint specifically alleges that UCJ's blanket policy of strip-searching misdemeanor arrestees who could be segregated from the general population prior to being seen by a judicial officer, absent some particularized suspicion, is unconstitutional…This court is satisfied that plaintiff's allegation is articulated to fall within the ambit of an exception to the blanket strip search policy that the Supreme Court identified.

*Allen*, Civil Action No. 08-711, Docket Entry No. 96 (Exhibit E to Pl.'s Mem. of Law in Supp. of Mot.).

In *Moore v. Atlantic County*, the Court stated:

> The Court notes that to fall within the exception to Florence, plaintiff must have been arrested for a minor offense, not seen by a judicial officer prior to the strip search, and the jail must be capable of housing [these] arrestees separate from the general population.

*Moore v. Atlantic County*, Civil Action No. 07-5444, Docket Entry No. 111 (Exhibit G to Pl.'s Mem. of Law in Supp. of Mot.) citing *Florence* at 1524-1525.

Plaintiffs further argue that they should be permitted to amplify their complaint, or in the alternative relate back claims under the New Jersey Strip Search Statute, N.J.S.A. 2A:161A, et

5

seq. to those previously asserted under "the laws of the State of New Jersey." *Pl.'s Mem. of Law in Supp. of Mot.* at 10. Plaintiffs note that under Fed.R.Civ.P. 15(c)(1)(B), an amendment will relate back to the original pleading when it asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out in the original pleading. They cite *Cruz v. City of Camden* which stated that "the major issue under Rule 15(c) is whether the original pleading gave the opposing party fair notice of the general fact situation involved in the amended pleading. *Cruz*, 898 F. Supp. 1100, 1117 (D.N.J. 1995). Plaintiffs note that this case has always been about strip searching, they are merely trying to identify the specific statute. *Id*. at 11.

### C. Defendants' Argument

Defendants argue that Plaintiffs' motion should be denied as untimely since this matter was administratively terminated on April 12, 2011. *Def.'s Br. in Opp'n* at 5. Defendants contend that Local Civil Rule 41(a) applies. *Id*. L.Civ.R. 41(a) states that, "civil cases…which have been pending in the Court for more than 120 days without any proceedings having been taken therein, must be dismissed for lack of prosecution by the Court." Defendants note that the district court cases referenced by Plaintiffs were all filed within 120 days of the *Florence* decision while Plaintiffs waited "for more than 19 months, approximately 575 days, before filing the within motion." *Id.* at 5-6. Defendants contend that this constitutes an undue delay. *Id*.

Defendants further argue that the claims of the proposed class are barred by *res judicata* and the statute of limitations. *Id*. at 7. Defendants contend that Plaintiffs' attempt to add a count for violation of N.J.S.A. 2A:161A-1 is barred by the statute of limitations as it was not raised in the original complaint or any of the amended complaints. *Id*. at 12. Defendants assert that the issue of whether Plaintiffs' right to be free from unreasonable searches was violated by OCJ's strip search policy was adjudicated in the *Florence* case, therefore, Plaintiffs are estopped from

reasserting those claims in this case. *Id*. at 10.  Defendants also note that claim preclusion prohibits reexamination not only of matters actually decided in a prior case, but also those that parties might have, but did not, assert in that action. *Id*. citing *Edmundson v. Borough Kennitt Square*, 4 F.3d 186, 189 (3d Cir. 1993). [1]

## II.  ANALYSIS

Pursuant to Fed.R.Civ.P.15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).  Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*.  However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

The Court finds that Plaintiffs' motion is not the product of bad faith, dilatory motive or undue delay.  Plaintiffs have not repeatedly failed to cure deficiencies by amendments previously allowed as they are seeking to amend the complaint to conform to the requirements of *Florence* which had not yet been decided at the time of the previous amendments.  The Court finds that L.Civ.R. 41(a) is inapplicable.  Plaintiff cites *Penn West Associates, Inc. v. Cohen* in which the Third Circuit stated, "we know of no provision in the Federal Rules of Civil Procedure by which the mere passage of time can mature an administrative closing into a dismissal or a final judgment or order." *Penn*, 371 F.3d 118, 128 (3d Cir. 2004).   The Third Circuit noted in

---

[1] Defendants also argue that Plaintiffs' attempt to redefine the class period and add John Doe defendants is barred by *res judicata* and the statute of limitations, however, Plaintiffs admit in their Reply Brief that the John Doe defendants are superfluous and the class period has already been adjudicated, therefore, the Court will not address that issue.

*Freeman v. Pittsburgh Glass Works, LLC* that "an administrative termination is a practical tool to reduce a court's docket when a case can be anticipated to be dormant for a substantial time" and that a court may re-open or move to re-open the case at any time. *Freeman*, 709 F.3d 240, 247 (3d Cir. 2013).

The Court finds that whether certain claims are barred by the statute of limitations and whether Justice Alito's exception required a personal appearance before a judge are fact issues that should be decided by the District Judge. The Court also finds that *res judicata* does not apply because the Supreme Court did not adjudicate whether there is an exception to the strip search policy in *Florence*.

In addition, the Court finds that the proposed Fourth Amended Complaint is not futile. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility the District Court uses "the same standard of legal sufficiency" as applied for a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.*

The Supreme Court stated in *Bell Atlantic Corp. v. Twombly* that "[a]sking for plausible grounds does not impose a probability requirement at the pleading stage, it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" to support Plaintiffs' claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The Court finds that the facts as alleged in Plaintiffs' proposed amended complaint set forth a plausible claim for relief.

The Court further finds that Plaintiffs' claims are comprised of sufficient factual allegations,

which when accepted as true and viewed in the light most favorable to Plaintiffs, raise Plaintiffs' right to relief above the speculative level. Moreover, the Court finds that Plaintiffs have included sufficient detail to put Defendants on notice of the precise violations being alleged. As a result, the Court finds that Plaintiffs' proposed Fourth Amended Complaint would survive a Rule 12(b)(6) motion to dismiss and is not futile.

## III.  CONCLUSION

For the reasons set forth above, Plaintiffs' Motion is GRANTED. An appropriate Order follows.

Dated: March 13, 2014

> s/  Tonianne J. Bongiovanni
> **HONORABLE TONIANNE J. BONGIOVANNI**
> **UNITED STATES MAGISTRATE JUDGE**