UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EDWARD BIZZARRO, RICHARD WRIGHT, and APRIL WEDDING, individually and on behalf of a Class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OCEAN COUNTY, OCEAN COUNTY DEPARTMENT OF CORRECTIONS, THEODORE J. HUTLER, both individually and in his official capacity as Warden of the Ocean County Jail and SANDRA MUELLER both individually and in her Official capacity as Chief of Corrections Of the Ocean County Department of Corrections,<br><br>Defendants. | : | Civil Action No. 3:07-CV-05665<br><br>(FLW-TJB)<br><br>**FOURTH AMENDED CLASS ACTION COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs, Edward Bizzarro, Richard Wright, and April Wedding, for their complaint herein, allege the following on information and belief, except as to the allegations concerning individual claims which are asserted upon personal knowledge:

## INTRODUCTION

1. This is a class action lawsuit brought to redress the deprivation by Defendants of rights secured to the Plaintiff s and proposed Class by the United States Constitution, the laws of the United States of America and the laws of the State of New Jersey. From November 28, 2005 through December 28, 2007, the Ocean County Sheriff's Department and Ocean County Department of Corrections through its agents, servants, and employees, had an illegal, unlawful

policy violating the Federal Constitution, the New Jersey Constitution, and/or State laws, and the Attorney General Guidelines (hereinafter referred to as "policy" "practice" "violation of law" "Constitutional violation" etc.) through its pattern or practice of strip-searching all individuals who enter the Ocean County Jail, regardless of the purpose of their detention including but not limited to alleged minor offenders. Upon information and belief, this pattern/practice or policy is, in part, derived from the written procedures of the Ocean County Sheriff's Department and Ocean County Department of Corrections, and was promulgated by senior Department officials, including, but not limited to, Theodore J. Hutler, Jr., Warden of the Ocean County Correctional Facility, and Sandra Mueller, Chief of Corrections of the Ocean County Correctional Facility.

2. As a result of the United States Supreme Court's decision in *Florence v. Board of Chosen Freeholders of County of Burlington*, 132 S. Ct. 1510 (2012), it remains unconstitutional to strip search minor offenders yet to be seen by a judge to determine their continuing detention.

3. Consequently, Edward Bizzarro, Richard Wright, and April Wedding (together, "Plaintiffs") bring this action on behalf of themselves, and on behalf of a class all persons as more particularly defined below in Paragraph 18, who were strip searched at the Ocean County Jail ("OCJ"), after being held on minor offenses such as child support warrants or being charged with or detained on non-indictable offenses or traffic violations or the matters referred to below in the class definition, prior to being seen by a judge to review their continuing detention in contravention of their rights against unreasonable searches under the United States Constitution, the New Jersey Constitution, and New Jersey's applicable Statutes and laws.

4. Plaintiffs seek monetary damages for themselves and each member of the Class who have suffered from the wrongful actions of the Defendants as described herein, and a declaration that the Sheriff's Department's and Correction's Department policies and practices were

unconstitutional and/or unlawful. With the foregoing as background, Plaintiffs Edward Bizzarro, Richard Wright, and April Wedding complaint.

## JURISDICTION

5. This Court has jurisdiction over this action under the provisions of 28 U.S.C. § 1331 and 1343 because it is filed to obtain compensatory damages and punitive damages, for the deprivation, under color of state law, of the rights of citizens of the United States secured by the Constitution and federal law pursuant to 42 U.S.C. §§ 1981 & 1983. This Court also has jurisdiction over this action under the provisions of 28 U.S.C. § 2201, inasmuch as it is filed to obtain declaratory relief relative to the unconstitutionality of the policies of a local government. Supplemental jurisdiction exists over Plaintiffs' pendent state law claims pursuant to 28 U.S.C. §1367(a) because Plaintiffs' state law claims that are so related to the federal claims within such original jurisdiction that it forms part of the same case or controversy as do the federal claims.

6. Venue is proper under 28 U.S.C. §1391 because the events giving rise to Plaintiffs' claims and those of proposed class members occurred in this judicial district.

## PARTIES

7. Plaintiff Edward Bizzarro ("Bizzarro") resides in Manahawkin, New Jersey. In or about September of 2007, Bizzarro was arrested for failing to pay child support and transported to the Ocean County Jail where he was strip searched upon admission, as described below.

8. Plaintiff Richard Wright ("Wright") resides in Toms River, New Jersey. On or about October 1, 2007, Wright turned himself in on a warrant for child support. Wright was strip searched

upon his admission to the Ocean County Jail, as described below.

9. Plaintiff April Wedding ("Wedding") resides in Little Egg Harbor, New Jersey. In or about August of 2007, Wedding was arrested for late payment of a traffic fine and was strip searched upon her admission to the Ocean County Jail, as described below.

10. Defendant County of Ocean (the "County") is a county governmental entity organized and existing under the laws of the State of New. Jersey. At all times relevant hereto, the County, and its agents, servants, and/or employees, including but not limited to the Sheriff's Department and Department of Corrections, were responsible for the policies, practices, supervision, implementation and conduct of all matters pertaining to the Ocean County Jail and ~~was~~ were responsible for the appointment, training, supervision and conduct of all Sheriff's Department personnel, including those working in the Ocean County Jail. In addition, at all relevant times, the County and its agents, servants, and/or employees were responsible for enforcing the rules, practices, and procedures of the Ocean County Jail, and for ensuring that Sheriff's Department and Department of Corrections' personnel/employees employed in the Jail obey the laws of the United States and of the State of New Jersey.

11. The Ocean County Sheriff's Department (the "Sheriff's Department") is a County Sheriff's Department organized and existing under the laws of the State of New Jersey. Although not a legal entity for the purposes of this litigation, the Department is listed as a party for the purposes of identification. At all times relevant hereto, the Sheriff's Department and its agents, servants, and/or employees were responsible for operating, organizing, overseeing and administering the Ocean County Jail ("OCJ"). At all times relevant hereto, Defendant Sheriff's Department and its agents, servants, and/or employees, together with the County of Ocean, were responsible for the polices, practices, supervision, implementation and conduct of all matters

pertaining to the OCJ, and were responsible for the appointment, training, supervision and conduct of all Sheriff's Department personnel/employees, including those working in the OCJ. In addition, at all times relevant hereto, Defendant Sheriff's Department, together with the County of Ocean, was responsible for enforcing the rules, practices, and procedures of the Ocean County Jail, and for ensuring that Sheriff's Department personnel/employees employed in the OCJ obeyed the laws of the United States and of the State of New Jersey.

12. The Defendants Ocean County ("The County") and the Ocean County Department of Corrections (the "Jail" or "OCDOC") are county governmental organizations and exists under the laws of the State of New Jersey. Although not a defendant for purposes of this litigation, the Department is listed as a party for the purposes of identification. At all times relevant hereto, the County, acting through its representatives including but not limited to the Warden and the OCDOC, and its agents, servants, and/or employees, were responsible for the policies, practices, supervision, implementation and conduct of all matters pertaining to the Ocean County Jail and were responsible for the appointment, training, supervision and conduct of all Sheriff's Department personnel, including those working in the Ocean County Jail. In addition, at all relevant times, the County and its agents, servants, and/or employees were responsible for enforcing the rules, practices, and procedures of the Ocean County Jail, and for ensuring that Sheriff's Department and OCDOC personnel/employees employed in the Jail obey the laws of the United States and of the State of New Jersey.

13. Defendant Theodore J. Hutler, Jr. ("Warden Hutler") is the duly appointed Warden of the Ocean County Department of Corrections, and, as such, Warden Hutler and/or others ("Policy Making Defendants and actors") were policy makers with respect to the pre-trial and other detainees over which the OCDOC exercises custodial or other control. Warden Hutler is made a

Defendant in this action in both his individual and official capacities.

14. Defendant Sandra Mueller (" Chief Mueller") is the Chief of Corrections of Ocean County and, as such, Chief Mueller and/or others ("Policy Making Defendants and actors") were policy maker with respect to the pre-trial and other detainees over which the OCDOC exercises custodial or other control. Chief Mueller is made a Defendant in this action in both her individual and official capacities.

15. Collectively, Warden Hutler, Chief Mueller, and/or others (Policy Making Defendants and actors) will be referred to as the "Policy Making Defendants."

**CLASS ACTION ALLEGATIONS**

16. Plaintiffs bring~~s~~ this action as a class action pursuant to Rules 23(a) and (b)~~(3)~~ of the Federal Rules of Civil Procedure, Rule 23(a) and Rule 23(b), and pursuant to New Jersey Rules of Court, *R.* 4:32-1 as relates to the pendant state law claims on behalf of themselves and a class of similarly situated individuals who were arrested for misdemeanors or other minor violations and the matters referred to herein in the Class definition and who were unlawfully and unconstitutionally strip searched upon their entry into the Ocean County Jail.[1]

17. The class that Plaintiffs seek to represent is defined as follows:

> All persons who have been (1) detained at and/or placed into the custody of the Ocean County Jail or any facility under the authority of Ocean County (2) as a result of being arrested and/or charged with non-indictable offenses such as: civil enforcement offenses i.e., child support enforcement arrears, traffic offenses, petty disorderly offenses, disorderly persons offenses, misdemeanors, contempt proceedings, failure to pay financial fines, penalties and/or costs in like matters as set forth above, and/or failure to appear at any court proceedings on like matters above;

[1] Strip searches include but are not limited to naked visual searches, or body searches, or cavity searches, or squatting, or squatting and spreading.

> (3) were strip searched upon their entry into detainment and/or custody at the Ocean County Jail or were strip searched prior to an appearance before a judge or judicial officer who had the authority to release the person as referred to above from detainment and/or custody and were strip searched as set forth above, or were strip searched and placed into general population; and (4) the strip search was conducted and/or performed according to Ocean County's blanket strip search policy, that is, without reasonable suspicion and/or probable cause based on objective and articulable facts that the aforesaid person or persons possessed controlled dangerous substances, weapons and/or contraband. The class period commences on November 28, 2005 and ends on December 28, 2007.

18. This action has been brought and may properly be maintained as a class action and satisfies the numerosity, commonality, typicality and adequacy requirements for maintaining a class action under Fed. R. Civ. P. 23(a).

19. The members of the class are so numerous as to render joinder impracticable. There are hundreds of people arrested for the aforesaid matters referred to in Paragraph 18 above, who were strip searched under the circumstances described herein. Upon information and belief,; the size of the class totals at least 4,000 individuals, some of whom have had their civil rights violated on more than one occasion.

20. Joinder of all of these individuals is impracticable because of the large number of class members and the fact that class members are likely dispersed over a large geographical area, with some members presently residing outside of Ocean County and this Judicial District. Furthermore, many members of the class are low-income persons, may not speak English, and likely would have great difficulty in pursuing their rights individually.

21. Common questions of law and fact exist as to all members of the class, in that they all had their right to be free from unreasonable searches violated by Defendants conducting strip searches absent reasonable and particularized suspicion. All members of the class were charged with minor offenses and civil matters as defined at Paragraph 18 when placed into the custody of the Ocean County Jail, and all were illegally strip searched in violation of the established law in

this judicial circuit.

22. Plaintiffs' claims are typical of the claims of the members of the class. Plaintiffs and all members of the class sustained damages arising out of Defendants' course of conduct. The harms suffered by the Plaintiffs are typical of the harms suffered by the class members.

23. The representative Plaintiffs have the requisite personal interest in the outcome of this action and will fairly and adequately protect the interests of the class. Plaintiffs have no interests that are adverse to the interests of the members of the class.

24. Plaintiffs have retained counsel who have substantial experience and success in the prosecution of class action and civil rights litigation. Plaintiffs are represented by Carl D. Poplar, Esquire of Carl D. Poplar, P.A. and William A. Riback, Esquire, of William Riback, LLC. Counsel for Plaintiffs know of no conflicts among members of the class, or between counsel and members of the class.

25. Plaintiffs seek to continue certification under Rule 23(b)(3) of this new class definition.

26. Common questions of law and fact exist as to all members of the class, and predominate over any questions that affect only individual members of the class. These common questions of law and fact include, without limitation, the question of whether the Defendants' written and/or *de facto* policies and/or practices of strip searching all individuals charged with non-indictable charges or violations or civil matters as defined in Paragraph 18 when transferred to and/or placed into detention and/or the custody of the Ocean County Jail is a violation of the Fourth and Fourteenth Amendments to the United States Constitution, the New Jersey Constitution, the New Jersey law, specifically, N.J.S.A. 10:6-2 and N.J.S.A. 2A:161A-1, and of other applicable law,

and whether such ~~a~~ written and/or *de facto* policy, and practices existed during the class period including but not limited to the assertions as set forth herein, the members of the class include but are not limited to those individuals detained for matters as set forth in Paragraph 18 that were strip searched prior to judicial review and absent a find of reasonable suspicion.

27. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all of the individual members of the class is impracticable given the large number of class members and the fact that they are dispersed over a large geographical area. Furthermore, the expense and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them. The cost to the federal and state court system of adjudicating thousands of individual cases would be enormous. Individualized litigation would also magnify the delay and expense to all parties and the court system. By contrast, the conduct of this action as a class action in this District presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each member of the class.

28. Upon information and belief, there are no other actions pending to address the Defendants' flagrant violation of the civil rights of thousands of individuals, even though the Defendants have maintained their illegal strip search regimen for at least the class period.

29. Plaintiffs specifically reserve the right to maintain or seek certification of any included issues or matters under Fed. R. Civ. P. 23(c)(4).

## FACTS

### Facts Applicable to the Class Generally

30. The Fourth Amendment of the United States Constitution prohibits state officials,

such as the Policy Making Defendants in this action and the Corrections Officers they supervise, from performing strip searches of pre-trial detainees who have been charged with non-indictable offenses and civil commitments and/or who can be segregated from the general population as set forth above at Paragraph 18, unless the officer has reasonable suspicion to believe that the arrestee is concealing a weapon, drugs, or other contraband.

31. The New Jersey Constitution and/or the New Jersey Strip Search Statute, N.J.S.A. 2A:161A-1, preclude minor offenders from being strip searched. In turn, the New Jersey Civil Rights Act ("NJCRA"), specifically N.J.S.A. 10:6-2 *et seq.* ~~(c)~~ protects New Jersey residents from any deprivation of constitutional rights. N.J.S.A. 10:6-2(b).~~,~~ Under the NJCRA, any person who is deprived of substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the State of New Jersey has a claim under State law.

32. Ocean County Jail is a facility whereby the County had and has the ability to create new and/or designate existing housing pods, and/or holding cells to segregate detainees, prior to being seen by a judge as described in Paragraph 18 above and/or to segregate detainees held on non-indictable offenses even after being seen by a judge. The County cannot be heard to say that it could not have obtained or designated such facilities to segregate and establish procedures such as wanding these persons for metal detection, and B.O.S.S. chair for invasive detection as part of the booking process for minor and civil detainees because the County had/has a duty to protect minor offenders and civil matter detainees and as submitted infra at Count Two is prohibited from strip searching non-indictable detainees even after being seen by a judge.

33. Under New Jersey Statutory law, specifically, N.J.S.A. 10:6-2 and N.J.S.A. 2A:161A-1, and other applicable law, persons held on non-indictable offenses as set forth above in Paragraph 18 cannot have been strip searched.

34. As such, the United States Constitution, the New Jersey Constitution, and New Jersey applicable statutes and laws, prohibit state officials, such as the Policy Making Defendants in this action and the employees they supervise, from performing strip searches of pre-trial detainees who have been charged with non-indictable offenses and civil commitments as set forth above in Paragraph 18 unless there is reasonable suspicion and/or probable cause to believe that the arrestee is concealing a weapon, contraband, or drugs.

35. Upon information and belief, the County of Ocean, the Ocean County Sheriff's Department, the Ocean County Department of Corrections, and the Policy Making Defendants, including but not limited to agents, servants, and employees, have instituted a written and/or *de facto* policy, custom or practice of strip searching all individuals who enter the custody of the Ocean County Jail and are placed into jail clothing, regardless of the nature of their charged crime and without the presence of reasonable suspicion to believe that the individual was concealing a weapon or contraband.

36. Upon information and belief, the County of Ocean, the Ocean County Sheriff's Department, the Ocean County Department of Corrections, and the Policy Making Defendants, including but not limited to agents, servants, and employees, have instituted a written and/or *de facto* policy, custom or practice of conducting visual body cavity searches (visual inspection of the vaginal and rectal cavities) on all individuals who enter the custody of the Ocean County Jail, regardless of the individual characteristics or the nature of their charged crime. For purposes of this Complaint, strip and visual cavity searches are collectively referred to as "strip searches."

37. The County of Ocean, the Ocean County Sheriff's Department, the Ocean County Department of Corrections, and the Policy Making Defendants, including but not limited to agents, servants, and employees, know that they may not institute, enforce or permit enforcement of a

policy or practice of conducting strip searches without particularized, reasonable suspicion. Upon information and belief, the Ocean County's written policy was based on the policy promulgated by the Ocean County Sheriff’s Department and/or the Ocean County Department of Corrections.

38. The Defendants' written and/or *de facto* policy, practice and custom mandating blanket strip searches of all pre-trial non-indictable detainees and civil commitments has been promulgated, effectuated and/or enforced in bad faith and contrary to clearly established law.

39. Reasonable suspicion to conduct a strip search may only emanate from the particular circumstances antecedent to the search, such as the nature of the crime charged, the particular characteristics of the arrestees, and/or the circumstances of the arrest.

40. Upon information and belief, the County of Ocean, the Ocean County Sheriff's Department, the Ocean County Department of Corrections, and Policy Making Defendants, including agents, servants, and employees, have promulgated, implemented, enforced, and/or failed to rectify a written and/or *de facto policy,* practice or custom of strip searching all individuals placed into the custody of the Ocean County Jail without any requirement of reasonable suspicion, or indeed suspicion of any sort in violation of the Fourth Amendment to the United States Constitution, the New Jersey Constitution, and/or applicable Statutes or laws. This written and/or *de facto* policy made the strip searching of pre-trialdetainees routine; neither the nature of the offense charged or civil matter, the characteristics of the arrestee, nor the circumstances of a particular arrest or detainment were relevant to the enforcement of the policy, practice and custom of routine strip searches.

41. Pursuant to this written and/or *defacto* policy and/or practice, each member of the class, including every named Plaintiff, was the victim of a routine strip search upon their entry into the Ocean County Jail. These searches were conducted without inquiry into or observation of or

establishment of reasonable suspicion, and in fact were not supported by reasonable suspicion or probable cause. Strip searches are conducted for individuals arrested for, among other innocuous offenses such as, unpaid parking tickets, traffic violations, outstanding traffic fines, civil matters and other non-indictable offenses as set forth in Paragraph 18 above.

42. As a direct and proximate result of the unlawful strip search conducted pursuant to this written and/or *de facto* policy and/or practice, the victims of the unlawful strip searches, each member of the Class including every named Plaintiff, has suffered or will suffer psychological pain, humiliation, suffering and mental anguish.

**Facts Applicable to the Named Plaintiffs**

43. Plaintiffs' experiences are representative and corroborative of what the members of the Class were subjected to.

44. Plaintiff Edward Bizzarro is, and at all times relevant thereto has been, a resident of the State of New Jersey, domiciled in Manahawkin, New Jersey. In September 2007, Plaintiff was arrested for failing to pay child support. He was transported to the Ocean County Jail where he was strip searched. Plaintiff was humiliated and degraded by these illegal, unconstitutional acts. The strip search occurred prior to Mr. Bizzarro being seen by a judge. Mr. Bizzarro's release amount was $300.00. Mr. Bizzarro was released was released the following day.

45. Plaintiff Richard Wright is, and at all times relevant thereto has been, a resident of the State of New Jersey, domiciled in Toms River, New Jersey. On or about October 1, 2007, Mr. Wright turned himself into the Toms River police on a warrant for child support. Mr. Wright was transported to the Ocean County Jail where he was strip searched. Mr. Wright was humiliated and degraded by these illegal, unconstitutional acts. The strip search occurred

prior to Mr. Wright being seen by a judge. Mr. Wright was released within twelve hours when his bail in the amount of $100 was paid.

46. Plaintiff April Wedding is, and at all times relevant thereto has been, a resident of the State of New Jersey, domiciled in Little Egg Harbor, New Jersey. In August 2007, Ms. Wedding was arrested by Little Egg Harbor police for late payment of a traffic fine. Ms. Wedding was transported to the Ocean County Jail where she was strip searched. Ms. Wedding was humiliated and degraded by these illegal, unconstitutional acts. The strip search occurred prior to Ms. Wedding being seen by a judge. Ms. Wedding was released within two days when her bail in the amount of $431 was paid.

47. Bizzarro, Wright and Wedding were strip searched according to the policy and practice of the Ocean County Jail, without reasonable suspicion that they were carrying contraband, drugs and/or weapons or any illicit items.

48. As a direct and proximate result of the unlawful strip searches conducted pursuant to County and Sheriff's Department policy, practice and custom, Plaintiffs have suffered and continues to suffer psychological pain, humiliation, suffering and mental anguish.

**CAUSES OF ACTION**

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**Violation of the United States and New Jersey Constitutions**

**Under the Color of State Law**
**—Unreasonable Searches and Failure to Implement Policies and Practices to Avoid Constitutional Deprivation under Color of State Law—**

49. Plaintiffs incorporate by reference and reallege each and every allegation stated in the preceding paragraphs, as if fully set forth herein.

50. The Fourth Amendment of the United States Constitution, as enforced under 42

U.S.C. §1983, and the New Jersey Constitution, Article I, ¶7, as enforced by the NJCRA, N.J.S.A. 10:6-2(c), as well as the New Jersey Strip Search Statute, N.J.S.A. 2A:161A-1, protect~~s~~ citizens from unreasonable searches by law enforcement officers, and prohibit~~s~~ officers from conducting strip searches of individuals arrested for non-indictable offenses or violations as set forth above in Paragraph 18, prior to these detainees being seen by a judge, absent some particularized suspicion that the individual in question has either contraband or weapons.

51. The actions of Defendants detailed above violated Plaintiffs' and the Class's rights under the United States Constitution. Simply put, it was not objectively or subjectively reasonable for Ocean County Corrections Officers to strip search Plaintiffs and class members based on their arrests and detainments for non-indictable/violation charges as set forth above in Paragraph 18. It was ~~also~~ not objectively or subjectively reasonable for Warden Hutler, Chief Mueller, and the Policy Making Defendants to order/direct Ocean County Corrections Officers/personnel to conduct such searches or to have a policy or practice permitting such searches and/or the agents or employees of the Ocean County Jail to conduct said strip searches.

52. These strip searches were conducted pursuant to the policy, custom or practice of the County of Ocean, Ocean County Sheriff's Department, and the Ocean County Department of Corrections. As such, the Defendants are directly liable for the damages of the named Plaintiffs and members of the class.

53. Upon information and belief, Warden Hutler, Chief Mueller, and the Policy Making Defendants, and/or others including but not limited to agents, servants, and employees, are responsible for establishing the policies, practices, and procedures to be utilized in the operation of the Ocean County Jail, and are responsible for the implementation of the strip search policy and/or

practices questioned in this lawsuit. As such, Warden Hutler, Chief Mueller, and the Policy Making Defendants and/or others including but not limited to agents, servants, and employees, are each individually responsible for the damages of the named Plaintiffs and members of the class.

54. Warden Hutler, Chief Mueller, and the Policy Making Defendants and/or others knew and/or should have known that the Ocean County Jail's strip search policy and practices were illegal, and acted willfully, knowingly, and with specific intent to deprive Plaintiffs and members of the class of their constitutional rights as well as acted in a grossly negligent or negligent manner.

55. This conduct on the part of all Defendants represents a violation of 42 U.S.C. § 1983 and N.J.S.A. 10:6-2, given that their actions were undertaken under color of state law.

56. As a direct and proximate result of the unconstitutional acts described above, Plaintiffs and the ϵ Class have been irreparably injured and are entitled to the relief set forth below.

WHEREFORE Plaintiffs state a cause of action under the Fourth Amendment of the United States Constitution, as enforced under 42 U.S.C. §1983, and the New Jersey Constitution, Article I, ¶7, as enforced by the NJCRA, N.J.S.A. 10:6-2(c), as well as the New Jersey Strip Search Statute, N.J.S.A. 2A:161A-1.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

### Violation of Statutory Rights under the New Jersey Civil Rights Act

57. Plaintiffs incorporate by reference and reallege each and every allegation stated in the preceding paragraphs, as though fully set forth herein.

58. The NJCRA, particularly, N.J.S.A. 10:6-2(c), provides a right of action for any citizen who is deprived of any substantive due process or equal protection rights, privileges or

immunities secured by the Constitution or laws of the United States or by the Constitution or laws of the State of New Jersey, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law.

59. The actions of the Defendants as detailed above violated Plaintiffs' and the class's rights under the New Jersey Strip Search Statute, N.J.S.A. 2A:161A-1 *et seq* and the Attorney General Guidelines. It was not objectively or subjectively reasonable for the Corrections Division/OCJ's personnel to strip-search Plaintiffs and ~~all~~ the members of the class based on their arrests and detainments for non-indictable offenses as set forth above at Paragraph 18. The Strip Search Statute delegates to the New Jersey Attorney General authority to issue strip search guidelines. N.J.S.A. 2A:161A-8b.

60. The guidelines for strip searching detainees are directed at persons not arrested for crimes, and so includes all persons as identified in the Class Definition above at Paragraph 18, all persons arrested/detained on non-indictable matters and civil matters who were strip searched both prior to and after being seen by a judge. Under New Jersey State law, including the Attorney General Guidelines an Officer in Charge must authorize the strip search and there must be a search warrant and/or voluntary consent or reasonable suspicion the person is concealing a weapon, contraband, or CDS.

61. Therefore, it was not objectively or subjectively reasonable for the Policy Making Defendants to have a blanket policy ordering/directing/training Correctional Department personnel to conduct such searches on detainees held on non-indictable matters absent a commanding officer's authorization upon a warrant, consent, or reasonable suspicion.

62. The Plaintiffs and the Class were strip-searched pursuant to a policy, custom or practice of Ocean County and the Policy Making Defendants including but not limited to agents, servants, employees. As such, these Defendants are directly liable for the damages of the Plaintiffs and the Class.

63. Upon information and belief, Ocean County and its agents or employees, Warden Hutler, Chief Mueller, and the Policy Making Defendants are responsible for establishing the policies, practices, and procedures to be utilized in the operation of the Corrections Division/OCJ and are responsible for the implementation of the strip-search policy questioned in this lawsuit.

64. Ocean County and its agents or employees, Warden Hutler, Chief Mueller, and the Policy Making Defendants knew that the above described strip-search policy was illegal and unconstitutional, and acted willfully, knowingly, and with specific intent to deprive Plaintiffs and the members of the ∊ Class of their Statutory rights as well as acted in a grossly negligent or negligent manner.

65. As a direct and proximate result of the unconstitutional acts described above, Plaintiffs and the class have been irreparably injured and seek damages, as well as the declaratory relief set out immediately below in the Prayer for Relief.

WHEREFORE Plaintiffs state a cause of action under NJCRA, N.J.S.A. 10:6-1 *et seq.*, for statutory violations and other applicable laws.

**DEMAND FOR PUNITIVE DAMAGES**

66. The actions of the Defendants and Policy Making Defendants detailed herein are willful and wanton, for past and continued propagations of illegal strip searches and an illegal strip search policy.

67. It is clear that the Policy Making Defendants, the County of Ocean, the Ocean County Sheriff's Department, and the Ocean County Department of Corrections have little or no respect for the civil rights of individual citizens or for the rule of law. Consequently, an award of punitive damages is necessary to punish the Policy Making Defendants, and to send a message to them that the requirements of the United States Constitution also apply to government officials in Ocean County.

## DEMAND FOR TRIAL BY JURY

68. The Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff s Edward Bizzarro, Richard Wright, and April Wedding, on behalf of themselves and on behalf of a class of others similarly situated, request that this Honorable Court and/or jury, where appropriate, grant the following relief:

A. An order continuing to certify this action as a class action pursuant to Fed. R. Civ. P. 23.

B. A judgment against all Defendants, jointly and severally on Plaintiffs' claims detailed herein, awarding compensatory damages and punitive damages to Plaintiffs and each member of the Class in an amount to be determined by a jury and/or this Court on an individual and/or a class wide basis pursuant to 42 U.S.C. §1983 and N.J.S.A. 10:6-1 *et seq.* and other applicable federal and state law.

C. A judgment against each named Defendant, individually, awarding compensatory damages and punitive damages to Plaintiffs and each member of the

Class in amount to be determined by a jury and/or this court on an individual and/or a class wide basis pursuant to 42 U.S.C. §1983 and N.J.S.A. 10:6-1 *et seq.* and other applicable federal and state law.

D. A declaratory judgment against all Defendants declaring the County of Ocean and the Ocean County Sheriff's Department's policy, practice and custom of strip and visual cavity searching all detainees entering the Ocean County Jail, regardless of the crime charged or suspicion of contraband, to be unconstitutional and improper.

E. A monetary award for attorney's fees and the costs of this action, pursuant to 42 U.S.C. § 1988, N.J.S.A. 10:6-2, Fed. R. Civ. P. 23, and N.J. Rule 4:32-1 *et seq.* where applicable.

F. Such other and further relief as the Court may deem to be determined proper.

Dated: March 27, 2014

Respectfully submitted,

s/_William Riback______________________

Carl D. Poplar, Esquire
**Carl D. Poplar, P.A.**
1010 Kings Highway South
Building One
Cherry Hill, NJ 08034
Telephone: 856-216-9979
Telecopier: 856-216-9970

William A. Riback
**William Riback, LLC**
132 Haddon Avenue Haddonfield, NJ 08033
Telephone: 856-857-0008
Telecopier: 856-857-0028

**ATTORNEYS FOR PLAINTIFFS AND THE CLASS**